

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00679-CR

**IN RE** Jaime **LUEVANO**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  November 18, 2015

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURSDICTION

Relator, Jaime Luevano, filed this pro se petition for writ of mandamus on October 29, 2015, in which he seeks an order directing the Karnes County trial court to rule on his requests for a medical evaluation and for an "expert on blood spatter." Luevano is currently incarcerated in the John B. Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, located in Karnes County, Texas. His incarceration arises from multiple convictions obtained in El Paso County criminal proceedings involving felony charges.[2] Luevano is presently serving a life sentence. Luevano also has a currently pending charge in Karnes County for the felony offense of harassment of a correctional officer arising from conduct occurring during his

---

[1] This proceeding arises out of Cause No. 15-03-00028-CRK, styled *The State of Texas v. Jaime Luevano*, pending in the 218th Judicial District Court, Karnes County, Texas, the Honorable H. Paul Canales presiding.

[2] Cause Nos. 20070D04788 (2010 felony burglary of habitation), 20070D04789 (2010 felony burglary of habitation), 75949 (1994 felony burglary of habitation), and 45523-168 (1990 felony failure to stop and render aid), each styled *The State of Texas v. Jaime Luevano.*

incarceration. *See* TEX. PENAL CODE ANN. § 42.07 (West Supp. 2015). This pending charge is not presently scheduled for trial.

Luevano provided copies of his requests for medical evaluation with his mandamus petition. The requests are not made by motion filed in the trial court, but rather are forms submitted to the Texas Department of Criminal Justice. This court does not have jurisdiction to grant relief with respect to these requests. By statute, this court has the authority to issue a writ of mandamus against "a judge of a district or county court" and other writs as necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). This court has no authority to direct the Texas Department of Criminal Justice to act on Luevano's requests for medical evaluation. The relief sought is not necessary to enforce our jurisdiction. Accordingly, relator's request for mandamus relief with respect to his request for medical evaluation is dismissed for lack of jurisdiction.

Luevano does not provide a copy of any request or motion for an expert on blood spatter. Any such request would appear to be related to the El Paso cases resulting in his conviction and life sentence rather than his currently pending case for harassment. To the extent relator intended to raise any complaint related to his judgment of conviction, the Texas Government Code provides that the intermediate courts of appeal in this state may issue writs only against judges of district or county courts located in the court of appeals' district. *Id.* Relator's judgment of conviction is out of the 120th Judicial District, El Paso County, Texas, which is located in the Eighth Court of Appeals District. *See* TEX. GOV'T CODE ANN. §§ 24.222(a); 22.201(i) (West 2004 and Supp. 2015). This court has no jurisdiction to address any complaint concerning a criminal proceeding over which a sister court of appeals would have appellate jurisdiction. Accordingly, to the extent relator

intended to raise a complaint related to his El Paso County convictions, relator's request for mandamus relief is dismissed for lack of jurisdiction.

In addition, we note that Luevano has been appointed counsel to represent him in connection with the currently pending harassment charge. Any original proceeding seeking relief with respect to the pending harassment case should be presented on Luevano's behalf by relator's appointed counsel. Relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means relator's pro se petition presents nothing for this court's review. *See id*.; *see also Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).

PER CURIAM

DO NOT PUBLISH